
CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
M. Flores
CLERK
BY DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  4:18-CR-572 (S) (06)** |
| | § | |
| **PAULINO RIOS-GARCIA,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Richard W. Bennett, Assistant United States Attorney, and the defendant, Paulino Rios-Garcia ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.    Defendant agrees to plead guilty to Count Five of the Superseding Indictment.   Count Five charges Defendant with Conspiracy to Harbor and Transport Illegal Aliens, in violation of Title 8, United States Code, Sections, 1324(a)(1)(A)(ii), and 1324(a)(1)(A)(iii), all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i).   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.    The **statutory** maximum penalty for a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i), is imprisonment of not more than ten years and a fine of not more than $250,000.00.   Additionally, Defendant may receive a term of supervised release after

imprisonment of up to three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. Further, under the Justice for Victims of Trafficking Act of 2015, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under, *inter alia*, section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

2

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 19 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to alien smuggling. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)     Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or

4

"collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10. The United States agrees to each of the following:

(a)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the superseding indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Five of the superseding indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On November 28, 2018, HSI special agents executed a federal search warrant on a suspected alien smuggling stash house located at 11911 Aggie Ln in Houston, Texas, within the Southern District of Texas. During the execution of the search warrant agents apprehended the Defendant **Paulino Rios-Garcia** and other co-conspirators as well as six illegal aliens. Special agents found two Indian nationals and four Guatemalan nationals, including one juvenile, that were being held in a small bedroom in the detached garage in the back of the residence. During the search, special agents seized approximately $12,011 in U.S. currency, including approximately $10,000 that was bundled in rubber-bands inside a plastic shopping bag located in a plastic cabinet

8

drawer in a bedroom, $1,557 on TV furniture in another bedroom and inside a 2009 Nissan Murano, and $454 from the Defendant's wallet. The cash constitutes proceeds of the alien smuggling conspiracy. When law enforcement asked Defendant about the $454 in his wallet, Defendant initially stated that it was sent to him by a friend via Walmart but then admitted that his boss gave him a $500 tip for his work with the illegal aliens at the house. During the search of the property, agents also seized multiple cellphones, miscellaneous documents related to the alien smuggling venture, and multiple firearms and ammunition, including a Glock 42 .380 pistol (S/N AAYX415), a Taurus PT 738 pistol (S/N 15205B), Taurus magazine, six rounds of .380 ammunition, a Taurus PT 111 pistol (S/N TVA31847), Taurus magazine, eight rounds of 9mm ammunition, a Winchester .22 LR rifle (S/N 364190A), a CZ Model 712 12 gauge shotgun (S/N 13A4566), a box of approximately sixteen rounds of Hornady .32 auto ammunition, a box of Winchester 9mm ammunition, and a box of Winchester .380 ammunition. Also during the search of the property, agents seized four vehicles that were used to facilitate the conspiracy to harbor and transport aliens, including a 2006 gray Nissan Frontier, a 2009 white Nissan Murano, and a 2011 white Toyota Tundra.

One of the material witnesses was interviewed who stated that he travelled from India to El Salvador, where he hired an alien smuggler to smuggle him into the U.S. for an $8,000 U.S. dollar fee that he did not pay in advance. This witness identified the Defendant as one of the people involved in this smuggling scheme. Specifically, he stated that the Defendant was a caretaker of the illegal aliens at this stash house and he gave them food and wrote their names in a notebook. In addition, he was the one who ordered the aliens to remove their wet shoes and wet clothes when they arrived at the stash house. He also led them to a room that he instructed the

aliens to stay in at all times. The Defendant was also interviewed and admitted that he had been smuggled about two months before the search and that, after failing to pay the remainder of his smuggling fee, he started working off his $4,500.00 U.S. debt to another co-conspirator, by performing chores around the stash house, including cooking and washing clothes. During the time the Defendant worked at the stash house, which was from on or about October 20, 2018 to on or about November 28, 2018, the Defendant admitted to participating in the conspiracy by cooking and washing clothes for the smuggled aliens at the residence. Thus, the Defendant, knowing the aliens were illegally present in the United States, and in furtherance of their illegal entry into the United States, participated in a conspiracy to transport and harbor illegal aliens.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.

Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the

11

Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

22. Defendant agrees to forfeit all property that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense charged in Count Five of the Superseding Indictment, all conveyances used in the commission of the offense, and all property that was used to facilitate, or was intended to be used to facilitate, the commission of the offense charged in Count Five of the Superseding Indictment.

23. Defendant stipulates and agrees that the property listed in the Superseding Indictment's Notice of Forfeiture (Doc. No. 32) and (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. Specifically, Defendant admits that the $454 seized from his wallet, which is a part of the aggregate sum of $12,011.00 in U.S. currency seized on or about November 28, 2018 from the stash house in Houston, Texas, constitutes proceeds of the conspiracy charged in Count Five and that it is subject to forfeiture. Defendant agrees to the forfeiture of the $454 (whether forfeited judicially in this case or administratively by Customs and Border Protection), and he waives any and all rights to notice of seizure/forfeiture and other procedural requirements for forfeiture. Defendant stipulates that he either has no interest in or waives and abandon any and all interest he may have or could assert in all other assets listed in the Indictment's Notice of Forfeiture (Doc. No. 32) and in the Notice of Additional Properties Subject to Forfeiture (Doc. No. 59), including but not limited to, currency

12

seized on or about November 28, 2018 from the stash house in Houston (including approximately $10,000.00 from a drawer in a plastic cabinet and approximately $1,557 seized from TV furniture and from a Nissan Murano located at the stash house), a 2006 gray Nissan Frontier, a 2009 white Nissan Murano, a 2011 white Toyota Tundra, a 2003 Honda Accord, a Glock 42 .380 pistol (S/N AAYX415), a Taurus PT 738 pistol (S/N 15205B), Taurus magazine, six rounds of .380 ammunition, a Taurus PT 111 pistol (S/N TVA31847), Taurus magazine, eight rounds of 9mm ammunition, a Winchester .22 LR rifle (S/N 364190A), a CZ Model 712 12 gauge shotgun (S/N 13A4566), a box of approximately sixteen rounds of Hornady .32 auto ammunition, a box of Winchester 9mm ammunition, and a box of Winchester .380 ammunition. Defendant agrees not to contest the forfeiture of such assets, and he waives any and all rights to notice of seizure/forfeiture and other procedural requirements for forfeiture of such assets.

24. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

25. Defendant consents to an order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

26. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

27. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any

imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

28. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston , Texas, on April 12 , 2019.

_____
Defendant

Subscribed and sworn to before me on April 12 , 2019

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

14

APPROVED:

Ryan K. Patrick
United States Attorney

By:

Richard W. Bennett
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9540
Facsimile: 713-718-3303
richard.bennett@usdoj.gov

Joe Salinas, III
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  4:18-CR-572 (S) (06)** |
| | § | |
| **PAULINO RIOS-GARCIA,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending superseding indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          ____4/12/19____
Joe Salinas, III                                         Date
Attorney for Defendant

16

I have consulted with my attorney and fully understand all my rights with respect to the superseding indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X _Paulino Rios_ _____     _4/12/19_ _____
Paulino Rios-Garcia                                    Date
Defendant